95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Severino R. NICO, Jr., Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 96-3224.
 United States Court of Appeals, Federal Circuit.
 Aug. 14, 1996.
 
 Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.
 
 PER CURIAM
 
 1
 Severino R. Nico appeals from the final decision of the Merit Systems Protection Board, Docket No. PH0831950587-I-1, sustaining the decision of the Office Of Personnel Management that he was not eligible for an annuity or to make a re-deposit of retirement contributions under the Civil Service Retirement System (CSRS). Discerning no error in the Board's decision, we affirm.
 
 BACKGROUND
 
 2
 From November 4, 1954 to April 21, 1971, Mr. Nico was a non-U.S. citizen employee with the Manila Regional Office of the Veterans Administration in the Philippines. Mr. Nico resigned from this employment and immigrated to the United States. On May 18, 1971, Mr. Nico applied for and received a $2,623.48 refund of his retirement deductions earned during his service with the VA. After moving to the United States and becoming a citizen Mr. Nico applied for, but did not obtain, positions with the United States government.
 
 
 3
 On December 18, 1994, Mr. Nico applied for retirement benefits based on his employment in the Philippines. On March 6, 1995, Mr. Nico requested the opportunity to re-deposit his prior retirement contributions with interest. By initial decision of March 15, 1995, the Office of Personnel Management (OPM) determined that he had forfeited any retirement annuity when his retirement contributions were refunded, and that he was not eligible to re-deposit the refunded retirement contributions. On July 5, 1995 the OPM issued a reconsideration decision, clarifying that since Mr. Nico was not currently employed by the federal government in a position subject to the Retirement Act, he was neither entitled to an annuity nor eligible to make a re-deposit into the Retirement Fund.
 
 
 4
 The Board affirmed the decision of the OPM. Citing 5 U.S.C. § 8342(a), the Board held that Mr. Nico forfeited his right to an annuity when he received payment of the refund in 1971. The Board also addressed Mr. Nico's argument that he was systematically discriminated against based on race, age and national origin when the federal government failed to re-employ him in federal service subsequent to his immigration, and held that it lacked jurisdiction to hear an appeal of non-selection for federal service. This appeal followed.
 
 DISCUSSION
 
 5
 Mr. Nico states that he has been discriminated against by the federal government for nineteen years, citing McConnell Douglas v. Green, 411 U.S. 792 (1973). He asserts that the Board erred in failing to decide his discrimination claim, for 5 U.S.C. § 7702(a)(1) requires the Board to decide discrimination claims in mixed cases. Consequently, Mr. Nico states that due to the "invidious" discrimination practiced against him he should be allowed to re-deposit his withdrawn retirement contribution with interest, and to have his application for employment considered.
 
 
 6
 The Board's jurisdiction is limited to those actions made appealable to it by law, rule or regulation. Maddox v. Merit Systems Protection Board, 759 F.2d 9, 10 (Fed.Cir.1985). The Board does not have jurisdiction over prohibited personnel practices, including discrimination, unless the allegations are part of an individual right of action alleging reprisal for whistleblowing activities, see Spruill v. Merit Systems Protection Board, 978 F.2d 679, 690-91 (Fed.Cir.1992), or are coupled with an independently appealable adverse action. 5 U.S.C. §§ 7702(a)(1) and (2); Cruz v. Dept. of the Navy, 934 F.2d 1240, 1245-46 (Fed.Cir.1991). Mr. Nico does not allege that he engaged in whistleblowing; he alleges that he was improperly not selected for federal service due to discrimination. Because nonselection is not an independently appealable action, see 5 U.S.C. § 7512; Ellison v. Merit Systems Protection Board, 7 F.3d 1031, 1034 (Fed.Cir.1993); Tines v. Dept. of the Air Force, 56 M.S.P.R. 90, 93 (1993), the Board was correct in ruling that it did not have jurisdiction to review the discrimination claim.[1]
 
 
 7
 The Board also correctly held that former government employees can not receive an annuity or re-deposit retirement funds that were previously refunded. 5 U.S.C. § 8342(a). Since Mr. Nico has not been re-employed by the federal government, he is ineligible to receive an annuity or to re-deposit funds previously withdrawn from the CSRS. Id.
 
 
 
 [1]
 The government on three occasions cites as authority non-precedential opinions of this court. Such citation is prohibited by Fed. Cir. R. 47.6(b)